80 A.3d 743

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
WILLIAM A. CASE, JR., A/K/A WILLIAM ANTHONY
CASE, DEFENDANT–PETITIONER.

December 6, 2013.

ORDERED that the petition for certification is granted, limited
to the issue of whether defendant was properly sentenced to a
discretionary parole disqualifier under *N.J.S.A.* 2C:43–6(b).

80 A.3d 743

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. FUQUAN
CROMWELL, A/K/A FUGUAN CROMWELL, FUQUAN A. CROM-
WELL, SAMAAD CROMWELL, SAMAD CROMWELL, SAMAAD
LATHER, SAMAAD N.J.L., AND SAMAAD N. LATHER, DEFEN-
DANT–PETITIONER.

December 6, 2013.

ORDERED that the petition for certification is granted limited
to the following issues: does the "knowingly" mens rea require-
ment of *N.J.S.A.* 2C:39–5e(1), third-degree unlawful possession of
a weapon at an education institution, apply to both the possession
of the firearm and the presence at an educational institution; did
the trial court err in finding and applying the aggravating factor
of *N.J.S.A.* 2C:44–1a(a)(5) (substantial likelihood that defendant is
involved in organized criminal activity) in sentencing defendant;
and does the decision in *Alleyne v. United States,* —— *U.S.* ——,
133 *S.Ct.* 2151, 186 *L.Ed.*2d 314 (2013), overruling *Harris v.
United States,* 536 *U.S.* 545, 122 *S.Ct.* 2406, 153 *L.Ed.*2d 524
(2002), render the imposition of a mandatory minimum sentence
invalid under the Sixth Amendment to the United States Constitu-
tion?